STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-10

AVERY DOUGLAS and
JAMES DOUGLAS,

Plaintiffs/Appellants

v.

**ORDER**

GEORGE PROCTOR,

Defendant/Appellee

Plaintiffs Avery and James Douglas bring this appeal from a small claims decision in the District Court (*Walker, J.*) arising out of the sale of a used car. M.R. Civ. P. 76D; M.R.S.C.P. 11.

## I. BACKGROUND

Plaintiffs initiated this small claims action on September 13, 2014. Following unsuccessful mediation, both parties appeared before the District Court on November 12, 2014. On November 13, 2014, the court entered judgment for the plaintiffs and ordered them to return the vehicle to defendant in exchange for $1,400.00.

The first disclosure hearing took place on February 23, 2015, and was continued when defendant appeared but failed to produce financial documents requested by plaintiffs. *See* 14 M.R.S. § 3125(1). The second hearing occurred on April 27, 2015. The court concluded defendant did not have sufficient income or property to pay the judgment and ordered the disclosure proceeding terminated. The parties were unable to reach an agreement to exchange the vehicle. Defendant George Proctor filed a small

claims action against plaintiffs in which he alleged to have a buyer willing to pay $2,000.00 for the vehicle.

Plaintiffs contacted the court on multiple occasions regarding the enforcement of the judgment and on September 22, 2015, the court ordered another hearing to amend the judgment to take place on October 14, 2015. Plaintiffs wrote to the court on October 4, 2015 to inquire about the status of the judgment and represented they might seek legal advice if the judgment was subject to change. The court ordered plaintiffs to appear as directed.

On October 14, 2015, the plaintiffs failed to appear. The court heard testimony from defendant George Proctor and from Robert Boyd, a mechanic who had performed work on the vehicle at issue. The court took the matter under advisement. On October 26, 2015, the court amended the judgment and entered a judgment in favor of defendant, concluding that plaintiffs sold the vehicle, thereby relieving defendant of his obligation to refund the purchase amount. According to a document attached to plaintiffs' subsequent letter to the court on November 9, 2015, the plaintiffs sold the car as scrap for $80 on August 5, 2015.

This appeal followed.

## II. DISCUSSION

A.  Appeals From Small Claim Decisions Standard

The plaintiffs appeal the District Court's small claims judgment to Superior Court. "An appeal by a plaintiff shall be on questions of law only and shall be determined by the

2

Superior Court without jury." M.R.S.C.P. 11(d)(1). The District Court's findings of fact "shall not be set aside unless clearly erroneous." M.R. Civ. P. 76D.

B.     Plaintiffs' Arguments

Plaintiffs make several arguments in support of their request that the original judgment be reinstated. They argue defendant violated 10 M.R.S. § 1474, governing used car warranties, by selling an unsafe vehicle. Plaintiffs blame the defendant for failure to cooperate with efforts to exchange the vehicle and contend that the District Court should have imposed liens on defendant's assets to satisfy the $1,400 judgment. Plaintiffs represent they did not appear for the October 14, 2015 hearing because they never received a response from the court to the October 4 letter. They contend the court should not have amended the judgment based upon the defendant's testimony alone.

While recognizing the plaintiffs' disappointment with the decision, the court concludes that there is no error of law in the judgment. Plaintiffs failed to appear at the October 14, 2015 hearing, despite the court order to do so, and elected to sell the vehicle for $80 scrap. Plaintiffs made those decisions at their own peril. The court was under no obligation to respond to the plaintiffs' concerns raised in the October 4 letter. Plaintiffs' recourse was to appear at the scheduled hearing date.

The plaintiffs focus upon the $1,400.00 imposed as part of the original judgment; This money award, however, was contingent upon the plaintiffs returning the vehicle. Because the plaintiffs never did so, and failed to appear at the October 14 hearing to explain their failure to perform, the District Court could have properly concluded the plaintiffs' decision to sell the vehicle relieved the defendant of any further obligation.

3

The court acted within its discretion in crafting a remedy and amending the original judgment to reflect the fact an exchange was no longer possible. The judgment, as amended, will therefore be affirmed.

## III. CONCLUSION

For the foregoing reasons, the judgment of the District Court must be affirmed. The appeal is denied.

The entry will be:

> Plaintiffs/appellants appeal is DENIED. The decision
> of the District Court is AFFIRMED.

DATED: July 26, 2016

Robert W. Clifford
Active Retired Justice

4